UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| REFUGIO COUNTY MEMORIAL HOSPITAL DISTRICT, | § § § § § | |
| *Plaintiff*, | § | |
| v. | § § | Civil Action No. _____ |
| UNDERWRITERS AT LLOYD'S, LONDON, FAIR AMERICAN SELECT INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, LLC, ANTHONY DeCESARE, and MELANIE LABRIE | § § § § § § § | |
| *Defendants*. | § | |

**DEFENDANT, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. NVP-20216-00'S NOTICE OF REMOVAL**

Defendant, Certain Underwriters at Lloyd's, London Subscribing to Policy No. NVP-20216-00 incorrectly named as Underwriter's at Lloyd's London ("Underwriters"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, and would respectfully show the Court as follows:

**INTRODUCTION**

1. On February 22, 2019, Plaintiff, Refugio County Memorial Hospital District ("Plaintiff"), filed its Original Petition and initiated an action identifying Defendants, Underwriters, Fair American Select Insurance Company ("FASIC"), Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie as Defendants in the 24th Judicial District Court of Refugio County, Texas, Cause No. 2019-02-12883 (the "State Court Action"). In Plaintiff's Original Petition, Plaintiff alleged it was a governmental taxing entity located and operating in the State of Texas, owned an insured property

located in Refugio County, and owned property insurance policies issued by Defendants, Underwriters and FASIC. See Plaintiff's Original Petition & Jury Demand, paragraphs 2-15, attached as Exhibit "F."

2. Plaintiff alleged Defendants, Underwriters, FASIC, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie Labrie, violated Sections 541 and 542 of the Texas Insurance Code; breached the duty of good faith and fair dealing; violated the Texas Deceptive Trade Practices Act; and sought punitive damages. See Exhibit "F," paragraphs 28-53. Additionally, Plaintiff alleged Underwriters and FASIC breached the insurance contracts they had with Plaintiff. See Exhibit "F," paragraphs 45-46.

3. Plaintiff specifically alleged it was seeking monetary relief over $1,000,000.00. See Exhibit "F," paragraph 9. Plaintiff's Original Petition and Citation were served upon Defendant, Underwriters, on March 25, 2019, via its Registered Agent. Defendants, Underwriters, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie, filed their answer in the 24th Judicial District Court of Refugio County, Texas on April 15, 2019. Therefore, Underwriters' Notice of Removal is timely filed within the 30-day time period prescribed by 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

4. Removal is proper because there is complete diversity among the parties. 28 U.S.C. § 1332(a). Plaintiff alleged it was a governmental taxing entity located and operating in the State of Texas. See Exhibit "F," paragraph 2. Underwriters is and was at the time the State Court Action was filed, a citizen of the United Kingdom, where it is incorporated. Defendant, FASIC, is and was at the time the State Court Action was

filed, a citizen of New York.  Plaintiff's lawsuit included allegations against Defendants, Engle Martin, which is engaged in business in Texas; Anthony DeCesare is an individual who resides in Kentucky; and Melanie LaBrie is an individual who resides in Texas.  However, pursuant to Section 542A.006(a) of the Texas Insurance Code, Underwriters and FASIC, through their counsel, both sent letters to Plaintiff's counsel electing to accept whatever liability, if any, Defendants, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie, may have to the Plaintiff with respect to the claim under the policy issued by each insurer.  Further, pursuant to Section 542A.006(c), there can be no causes of action against Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie, and the Court shall dismiss the action against the agents, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie, with prejudice.  At this time, only Plaintiff and Defendants, Underwriters and FASIC, should be parties to this lawsuit.  Additionally, there is complete diversity between Plaintiff and Defendants, Underwriters and FASIC.

5. In the alternative and without waiving the arguments in Paragraph 4. of this Notice of Removal, Defendants, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie are not proper parties to Plaintiff's lawsuit.  The doctrine of improper joinder is an exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum unless the in-state defendants were properly joined.  *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  Improper joinder is demonstrated where (1) there is actual fraud in the pleading of the jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court.  *See Travis v. Irby*, 326 F.3d 644,

3

646-47 (5th Cir. 2003).  In this case, Plaintiffs are unable to establish a cause of action against Defendants, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie, thereby rendering their joinder improper.

6. Plaintiff's allegations against Defendants, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie, are generic and formulaic claims under the Texas Insurance Code and are unsupported by real facts.  Such claims are in violation not only of the pleading requirements set forth in Rule 91a of the Texas Rules of Civil Procedure, but also the federal pleading requirements established by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  The allegations against Defendants, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie, in this case set forth nothing more than bare legal conclusions together with a formulaic recitation of the elements of a cause of action.  These generic recitations on their face not only fail to state a viable cause of action under Texas law, but also fail to establish a plausible entitlement to relief to support the joinder of Defendants, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie.

7. Plaintiff's factual allegations regarding Defendants, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie, do not form the basis of independent causes of action against these Defendants.  Texas law does not contemplate that Engle Martin & Associates, LLC, or adjusters like Anthony DeCesare, and Melanie Labrie, will be held individually liable for the insurance carrier's decision on a claim.  *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Services, Inc.*, 908 S.W.2d 516 (Tex.App.-Fort Worth 1995, no writ) (for proposition that adjusters do not have liability under the DTPA for lack of good

4

faith in processing insurance claims)).  Therefore, Defendants, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie are improper parties.

8. Additionally, the court in *One Way Investments* held "an adjuster cannot be held liable under Section 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim." *See One Way Investments, Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *5 (N.D .Tex. Dec. 11, 2014).  In *One Way Investments*, the Court also held "an adjuster cannot be held liable under § 541.060(a)(4)(A) because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder." *Id.*  Defendants, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie, could not admit or deny coverage of Plaintiffs' claim and therefore should not be liable under Tex. Ins. Code § 541.060(a)(3) or 541.060(a)(4).

9. Further, the Southern District Court held Plaintiffs could not recover against an adjuster under Tex. Ins. Code § 541.060(a)(2) because the statute addresses the insurer's refusal to pay a claim and not the adjuster. *See Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 2017 WL 3431816, at *9 (S.D. Tex. Aug 9, 2017). Defendants, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie, did not have authority to pay Plaintiff's claim and should not be liable under Tex. Ins. Code § 541.060(a)(2).

10. Moreover, as noted above, Plaintiff seeks monetary relief over $1,000,000.00 in the State Court Action.  Therefore, the amount in controversy exceeds $75,000.00, excluding interest and costs.  28 U.S.C. § 1332(a).

11. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

12. Pursuant to 28 U.S.C. §1441(d), Underwriters will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending, and written notice of the filing will be given to Plaintiff and Defendant, FASIC.

13. A jury demand was made in the State Court Action.

14. As required by 28 U.S.C. § 1446(a) and LR 81, attached to this notice as exhibits are: all executed process in the case; Plaintiff's Petition asserting causes of action against Defendants; Defendants' answers to Plaintiff's Petition; the docket sheet; an index of matters being filed; and a list of all counsel of record, including addresses, telephone numbers, and parties represented.

15. Defendants, FASIC, Engle Martin & Associates, LLC, Anthony DeCesare, and Melanie LaBrie have consented to this removal.

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendant, Certain Underwriters at Lloyd's, London Subscribing to Policy No. NVP-20216-00 asks the Court to remove the suit to the Southern District of Texas, Victoria Division, and for such other and further relief to which it may be entitled in law or in equity.

**[Signature block on next page]**

Respectfully submitted,

**WALKER WILCOX MATOUSEK LLP**

By:    /s/ Robbie A. Moehlmann
      Robbie A. Moehlmann
      State Bar No. 24007691
      Federal ID #25235
      rmoehlmann@wwmlawyers.com
      1001 McKinney, Suite 2000
      Houston, Texas 77002
      Telephone: (713) 654-8001
      Facsimile: (713) 343-6571

**ATTORNEY FOR CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NUMBER NVP-20216-00, ENGLE MARTIN & ASSOCIATES, LLC., ANTHONY DECESARE, and MELANIE LABRIE**

7

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 23rd day of April 2019, a true and correct copy of the above and foregoing has been served by:

☐certified mail, return receipt requested; ☐overnight delivery; ☐hand delivery; ☐United States first class mail; ☐facsimile transmission; ☒electronic transmission on the following counsel:

***Attorneys for Plaintiff***
Jeffrey L. Raizner
Andrew P. Slania
Amy B. Hargis
Ben Wickert
Raizner Slania LLP
2402 Dunlavy Street
Houston, Texas 77006
efile@raiznerlaw.com


***Attorneys for Defendant Fair American Select Insurance Company***
Joseph A. Ziemianski
Karl A. Schulz
Cozen O'Connor
LyondellBasell Tower
1221 McKinney Street
Suite 2900
Houston, TX 77010
jziemianski@cozen.com
kschulz@cozen.com


                */s/ Robbie A. Moehlmann*
                Robbie A. Moehlmann